```
               UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF IOWA
                        WESTERN DIVISION


IN RE:

STEVEN J. JACOBSON                              Chapter 7
REGINA J. JACOBSON

      Debtors.                       Bankruptcy No. 07-00636S
```

## MEMORANDUM DECISION: <br> TRUSTEE'S OBJECTION TO EXEMPTION

The trustee objects to the debtors' claims of exemption in a life insurance policy. Hearing was held on July 3, 2007 in Sioux City. Donald H. Molstad, trustee, appeared on his own behalf. Wil L. Forker appeared as attorney for debtors Steven and Regina Jacobson. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Steven and Regina Jacobson, husband and wife, filed their joint chapter 7 petition on April 16, 2007. They scheduled as personal property a life insurance policy with New York Life Insurance Company. They claimed the policy as exempt, and the trustee objects to the exemption.

According to the schedules, the policy (no. 45034338) is jointly owned. However, the parties agree now that the policy is owned by Steven. Regina is the insured, and Steven is the beneficiary. The policy has a cash value of approximately $2,500.00. An outstanding loan against the policy effectively reduces the cash value to approximately $800.00.

The policy, including its cash value, is claimed exempt under § 627.6(6) of the Iowa Code, which provides an exemption from execution of

> [t]he interest of an individual in any accrued dividend or interest, loan or cash surrender value of, or any other interest in a life insurance policy owned by the individual if the beneficiary of the policy is the individual's spouse, child, or dependent.

Iowa Code § 627.6(6).

Trustee contends that Steven, as the owner of the policy, may not claim the policy or any of its attributes exempt under this provision because the beneficiary is he, not his spouse, child or other dependent. Jacobsons agree that this is the literal reading of the statute, but they argue that the policy should be exempt because its intention and effect is to insure the life of Regina and to make Steven, as her spouse, the beneficiary.

Exemption statutes are liberally construed to benefit those claiming the exemption. In re Bertram, 59 B.R. 186, 188 (Bankr. N.D. Iowa 1986). In this case, however, the statute is clear. An individual owner of a life insurance policy may claim the policy exempt only if the beneficiary is the individual's spouse, child, or dependent. Jacobsons could have availed themselves of the protection of the statute if they had chosen to make Regina the owner of the policy. She could have claimed it exempt under § 627.6(6). For whatever legal or practical reasons Jacobsons

chose to make Steven the owner and the beneficiary of a policy on the life of Regina, the choice had the effect of making Steven's interest in the policy not exempt.

IT IS ORDERED that the trustee's objection to debtors' claim of exemption in the policy with New York Life Insurance Company is sustained. The policy is not exempt. Judgment shall enter accordingly.

DATED AND ENTERED  July 17, 2007.

/s/ W.L. Edmonds

William L. Edmonds, Chief Bankruptcy Judge